UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **XTREME BEACHSIDE RV RESORT LLC,**<br>  Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-2960** |
| **HARTFORD FIRE INSURANCE COMPANY OF THE MIDWEST,**<br>  Defendant | **SECTION: "E" (4)** |

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed by Defendant, Hartford Fire Insurance Company of the Midwest.[1] The motion is opposed with respect to Plaintiff's breach of contract claim.[2] The motion is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND[3]

This is a dispute over insurance coverage in the wake of Hurricane Ida, which struck the Louisiana coast in August 2021.[4] Plaintiff owns two properties ("Building 1" and "Building 2") in Grand Isle, Louisiana.[5] Each was insured by a separate federal Standard Flood Insurance Policy ("SFIP") through the United States Governmental National Flood Insurance Program ("NFIP").[6]

The NFIP is administered by FEMA, the Federal Emergency Management Agency.[7]

---

[1] R. Doc. 22.
[2] R. Doc. 25.
[3] The Court does not consider any facts in this section to be the subject of a genuine dispute of material fact and draws from both parties' pleadings in setting forth the background.
[4] R. Doc. 1 at p. 4.
[5] *Id.* at p. 2.
[6] *Id.* at pp. 2–3.
[7] *Id.* at p. 1; *see also Wright v. Allstate Ins. Co. (Wright I)*, 415 F.3d 384, 386 (5th Cir. 2005).

In an effort to expand NFIP coverage,[8] certain commercial insurers (like Defendant) are permitted to issue and service SFIPs through a program called "Write Your Own."[9] Though commercial insurers can issue and service these policies, FEMA sets the terms and conditions, which must be strictly construed and enforced; the provisions of the SFIP cannot "be altered, varied, or waived other than by the express written consent of the [Federal Insurance] Administrator."[10] It was through the Write Your Own program that Defendant issued the two SFIP policies to Plaintiff.

After Hurricane Ida, Plaintiff made two claims under its SFIPs, one for Building 1 and one for Building 2.[11] Defendant acknowledged the claims and assigned them to an independent adjuster, pursuant to the terms of the policies.[12] The adjuster assigned an engineer to inspect the two damaged buildings and assess the losses. After adjustment, Defendant paid Plaintiff $9,896.69 (net of a $15,000 deductible) for losses to Building 1 and zero dollars for losses to Building 2, as the losses did not exceed the $10,000 deductible of the SFIP covering Building 2.

Believing it was not "adequately compensate[d]" for "all covered losses," Plaintiff "retained independent experts to evaluate the extent of the flood loss" to its two buildings. Plaintiff alleges Defendant received "documentation evidencing [its] substantial underpayment" but has nevertheless "unfairly and improperly persisted in denying these [supplemental] claims, which are due under the policy."[13]

Plaintiff sued Defendant on August 26, 2023, bringing claims for breach of

---

[8] *The Write Your Own (WYO) Program*, National Flood Insurance Program, https://nfipservices.floodsmart.gov/write-your-own-program (last visited Feb. 27, 2024).
[9] R. Doc. 1 at p. 2.
[10] 44 C.F.R. § 61.13(d); *Wright I*, 415 F.3d at 387.
[11] R. Doc. 22-1 at pp. 6–7.
[12] *Id.* at pp. 5–6.
[13] R. Doc. 1 at p. 4.

contract and bad faith and demanding a jury trial.[14] Defendant filed this motion for summary judgment on January 16, 2024, arguing that as concerns Plaintiff's supplemental claims for losses, "Plaintiff failed to submit to Defendant, on or before the FEMA-prescribed deadline and prior to filing a suit, a 'Proof of Loss' with competent supporting documentation" as rigidly required by the SFIP.[15] Plaintiff responded on January 23, 2024,[16] arguing that Defendant "explicitly waived the requirements of submitting a proof of loss when making its initial disbursement [under the policy] and in written communications regarding [those] initial claims dispositions."[17] Plaintiff also asserts that Defendant "informed Plaintiff that *FEMA* had waived the proof of loss requirement."[18] Defendant replied on January 29, 2024,[19] countering that because the terms of an SFIP can only be modified by the "Federal Insurance Administrator," Defendant did not, nor was it empowered to, waive the proof-of-loss requirement.[20] Defendant does not directly respond to Plaintiff's argument that FEMA, within its regulatory authority to do so, waived the proof-of-loss requirement.

## **LEGAL STANDARD**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[21] "An issue is material if its resolution could affect the outcome of the action."[22] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing

---

[14] R. Doc. 1.
[15] R. Doc. 22 at p. 1.
[16] R. Doc. 25.
[17] *Id.* at p. 2.
[18] R. Doc. 26 at pp. 5–6, ¶¶ 17, 18, 19 (emphasis added).
[19] R. Doc. 30.
[20] *Id.* at p. 2.
[21] Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[22] *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

the evidence."[23] All reasonable inferences are drawn in favor of the non-moving party.[24] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[25]

"Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible . . . the material fact may be presented in a form that would not, in itself, be admissible at trial."[26]

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."[27] To satisfy Rule 56's burden of production, the moving party must do one of two things: "the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim" or "the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim."[28] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the non-moving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[29]

---

[23] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[24] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[25] *Hibernia Nat. Bank v. Carner*, 997 F.2d 94, 98 (5th Cir. 1993) (citing *Amoco Prod. Co. v. Horwell Energy, Inc.*, 969 F.2d 146, 147–48 (5th Cir. 1992)).
[26] *Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017) (citations omitted).
[27] *Celotex*, 477 U.S. at 323.
[28] *Id.* at 331.
[29] *Id.* at 322–24.

If the dispositive issue is one on which the non-moving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the non-movant's claim, or (2) affirmatively demonstrating that there is no evidence in the record to establish an essential element of the non-movant's claim.[30] If the movant fails to affirmatively show the absence of evidence in the record, its motion for summary judgment must be denied.[31] Thus, the non-moving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[32] "[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[33]

## LAW AND ANALYSIS

As Plaintiff concedes,[34] its state law bad faith claim and jury trial demand are foreclosed by federal law.[35] The Court will grant summary judgment in Defendant's favor

---

[30] *Id.* at 331–32 (Brennan, J., dissenting).
[31] *See id.* at 332.
[32] *Id.* at 332–33. The burden would then shift back to the movant to demonstrate the inadequacy of the evidence relied upon by the non-movant. Once attacked, "the burden of production shifts to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)." *Id.* at 332–33, 333 n.3.
[33] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).
[34] R. Doc. 25 at p. 2 ("Plaintiff does not dispute . . . Plaintiff' state law bad faith claims and request for a jury trial are precluded as a matter of federal law."); *see also* R. Doc. 22-1 at pp. 15–16 (collecting cases).
[35] *See* R. Doc. 22-1 at pp. 15

on the bad faith claim and deny Plaintiff's request for a jury trial.

As to Plaintiff's breach of contract claim, Defendant argues Plaintiff failed to submit a proof of loss "as specifically required" by the SFIP, and thus "Plaintiff failed to satisfy the conditions precedent" to suing under the SFIP.[36] Plaintiff argues "Defendant informed Plaintiff that FEMA had waived the proof of loss filing requirement."[37] The Court finds there are genuine disputes of material fact as to whether the proof of loss requirement was waived.[38] The Court will deny summary judgment on Plaintiff's breach of contract claim. Accordingly;

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that summary judgment is granted in favor of Defendant on Plaintiff's state law bad faith claims.

**IT IS FURTHER ORDERED** that Plaintiff's jury demand is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for judgment in its favor on Plaintiff's breach of contract claim is **DENIED.**

**New Orleans, Louisiana, this 27th day of February, 2023.**

```
            _____
                 SUSIE MORGAN
            UNITED STATES DISTRICT JUDGE
```

---

[36] R. Doc. 22-1; *see also* R. Doc. 22-13 at pp. 3–4.
[37] R. Doc. 26 at pp. 5–6, ¶¶ 17, 18, 19.
[38] *Id.*; R. Doc. 22-12 at p. 1.